FILED
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT** KANSAS

**FOR THE DISTRICT OF KANSAS** '08  JAN -7  A11 :33

CAROLYN J. CORNELIUS,                    )
                                         )   CLERK, U.S. DISTRICT COURT
                                         )   BY _____ CLERK
                            Plaintiff,   )   **CIVIL ACTION**
                                         )
v.                                       )   No.   06-1361-MLB
                                         )
MICHAEL J. ASTRUE,                       )
Commissioner of Social Security,         )
                                         )
                            Defendant.   )
_____  )

**ORDER**

Before the court are the following:

1.   Recommendation and Report of U.S. Magistrate John
     Thomas Reid (Doc. 23);

2.   Plaintiff's objection (Doc. 24); and

3.   Defendant's response (Doc. 25).

In section IV of his Recommendation and Report, Magistrate Judge
Reid considered, at length, the question of whether the ALJ erred in
his step 3 finding that plaintiff's impairments did not meet or equal
listed impairment 1.04A. He concluded that the ALJ did not interpret
certain regulations and recommended that the case be ". . . remanded
in order for the ALJ to make a determination of whether plaintiff's
impairment equals listed impairment 1.04A in accordance with the
regulations as interpreted by commissioner." (Footnote omitted.)

Plaintiff does not object to the remand but instead objects to
Magistrate Judge Reid's determination that plaintiff failed to meet
listed impairment 1.04A, which provides:

   Evidence of nerve root compression characterized by
   neuro-anatomic distribution of pain, limitation of motion
   of the spine, motor loss (atrophy with associated muscle
   weakness or muscle weakness) accompanied by sensory or

> reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

Plaintiff argues that all she was required to do was demonstrate muscle weakness to satisfy motor loss. She claims she was not required to establish significant motor loss or motor deficient or muscle atrophy.

Plaintiff apparently believes she did so by her reference to Dr. Stein's examination of September 25, 2001, which is attached as Exhibit A (Record at 404-05). His report says nothing about muscle weakness or motor loss. On the contrary, Dr. Stein's report states "on direct testing I do not find any definitive motor deficit." If plaintiff is claiming that she made the requisite muscle weakness showing based on some other portion of the voluminous record, she does not specify it and the court will not search for it. Perhaps the issue can be cleared up on remand.

Plaintiff's objection is overruled and Magistrate Judge Reid's Recommendation and Report is adopted in its entirety. The decision of the commissioner shall be remanded for further proceedings (sentence four remand).

IT IS SO ORDERED.

Dated this __4th__ day of January 2008, at Wichita, Kansas.

Monti L. Belot
UNITED STATES DISTRICT JUDGE

-2-

`404`

September 25, 2001                                    Carolyn J. Cornelius
                                                     DOB:

Ms. Cornelius is referred back to see me by Dr. Fred Smith for neurosurgical evaluation because of continued and recurrent back and right leg pain.

I have reviewed all of the records in my chart on this patient including my visit of 3-13-00.

Ms. Cornelius indicates that she did return to work after she saw me last year. She thinks it was probably during the summer. She went back to work at Wesley Medical Center but with restrictions. She states she ended up off work again around December because of recurrent symptomatology without any specific injury or accident. She apparently returned to work again and now has been off work since June 22nd because of further symptomatology, again without injury.

She says the problem was so severe until about five days ago that she could hardly get out of bed. She was at home in bed for about three weeks but made several visits to the ER because of severe pain.

The pain is in the right lumbar area and down the back of the right lower extremity. She says that the back and the leg pain are about equal. There is numbness in the right leg and foot, particularly the toes. There is no clear cut bowel or bladder dysfunction.

She has had an epidural steroid injection on 8-31 which she says did not help.

An MRI scan was done on 9-6-01. I have reviewed the films and the report very carefully. She did not have contrast enhancement at that time. Apparently she was having a great deal of pain and could not lay still completely for the examination. Because of her body habitus and the motion the study is not optimum. However, there does appear to be scar tissue and possibly disc protrusion on the right at L5 S1.

**EXAMINATION:** On examination she is an obese female who appears her stated age. She is in no acute distress sitting in the chair during the interview. However, she walks with a bit of an antalgic limp.

Lumbar flexion is quite limited due to discomfort. There is no muscular spasm or pelvic tilt.

There is a well healed lumbar incision.

There is tenderness in the lumbar spine in the midline off to the right lumbar area.

Knee reflexes are minus two on the right and minus four on the left. Ankle reflexes are absent bilaterally. There is no clonus or Babinski.

continued

`00274`

EXHIBIT A

**405**

September 25, 2001                                    Carolyn J. Cornelius
Page 2 (continued)                                    DOB:

Calf circumference is 39 cm. on the right and 39 ½ cm. on the left.

I cannot get her to raise her body weight up adequately on either calf or walk on her heels well.
On direct testing I do not find any definitive motor deficit.

Sensory examination reveals hypesthesia to pin and touch over the right foot in both the L5 and
S1 distributions.

Straight leg raising on the left is negative and on the right is positive with pain into the right
thigh.

IMPRESSION: I continue to believe this patient may have some small amount of residual or
recurrent disc herniation at L5 S1 on the right irritating the nerve root which may be bound down
to some degree by postoperative fibrosis. I have recommended that we consider myelography
and CT scanning to see about nerve root filling better. She wants to proceed with that and I will
make arrangements for that and see her in follow-up afterwards.

Paul S. Stein, MD/sm                                 CC:: Dr. Smith

00273